IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELINA PALKEN<br><br>          Plaintiff,<br><br>     v.<br><br>SCOTT G. OLDS; DAVID JUDD; DOUG GIDDINGS; IDAHO COUNTY SHERIFF, DEPUTIES JOHN DOES #1, 2, AND 3, TO BE DETERMINED,<br><br>          Defendants. | Case No.  3:20-CV-129-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it motions to dismiss filed by defendants and a motion to quash filed by the plaintiff.  The motions are fully briefed and at issue.  For the reasons explained below, the Court will grant the motions to dismiss and deem moot the motion to quash.

## LITIGATION BACKGROUND

Palken alleges that in December of 2019, neighbors complained to the Idaho County Sheriff's Office that she was trespassing on their property.  She was confronted by two Deputies from the Sheriff's Office who questioned her about the trespass charges, which she denied and explained.  She alleges the Deputies ignored her explanation and, for the sole purpose of harassing her, cited her for trespassing without ever identifying

**Memorandum Decision & Order – page 1**

the location of the trespass. Eventually, she was cited a second time for trespassing, again without any description of the location of the trespass. She alleges that when she pleaded with defendant Scott Olds, the Idaho County Prosecuting Attorney, to drop the charges he responded with a hostile attack designed to force her to capitulate. At her pretrial hearings, she alleges that defendant Judge David Judd was also hostile to her and improperly denied her motion to dismiss. He also presided over her unrelated small claims court case seeking reimbursement for stolen fencing materials, ruling against her after ignoring her conclusive evidence of theft.

She has brought this action under 42 U.S.C. §1983 against (1) Idaho County Sheriff Douglas Giddings; (2) Idaho County Prosecutor Scott Olds; and (3) Idaho County Judge David Judd. She has sued each defendant in their individual capacity only. The defendants have filed motions to dismiss.

## ANALYSIS

### Judge Judd

Judges functioning in their official capacities are generally afforded immunity from suit. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). Judicial immunity is only overcome in two situations. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Id.* (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12 (citations omitted).

**Memorandum Decision & Order – page 2**

Judge Judd has presided over Palken's criminal trespass case, including arraigning her on the charges and holding a pretrial hearing. He had clear jurisdiction as a Magistrate Judge to take these actions. *See* Idaho Code § 1–2208(3)(a). Palken alleges that Judge Judd expressed hostility to her and denied her motion to dismiss, ignoring her argument that no evidence supported the trespass charges. Nevertheless, "[a] judge will not be deprived of immunity because the action he took was in error [or] was done maliciously . . . ." *Stump v. Sparkman*, 435 U.S. 349, 356–357 (1978).

Palken also alleges that Judge Judd ruled against her in her a small claims case, ignoring her evidence and expressing hostility to her case. Once again, Judge Judd was acting within his jurisdiction, this time as a Magistrate Judge presiding over a small claims court case. *See* Idaho Code §§ 1–2208(1)(a), 1–2301. And once again, Palken's claim that Judge Judd ignored her evidence and was hostile to her case does not overcome judicial immunity under *Stump*.

Palken argues, however, that judicial immunity only applies to her claims for damages and does not apply to her claims for injunctive and declaratory relief. It is true that the Supreme Court held in 1984 that a judicial officer acting in his or her judicial capacity is not immune from actions under § 1983 seeking prospective injunctive relief. *Pulliam v. Allen* 466 U.S. 522, 541–42 (1984); *see also Forrester v. White*, 484 U.S. 219 (1988) (same). However, Congress responded to *Pulliam* and *Forrester* in 1996 by amending § 1983 to abrogate its holding. Section 1983 now states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or

**Memorandum Decision & Order – page 3**

declaratory relief was unavailable." *See* 42 U.S.C. § 1983. In other words, judicial immunity typically bars claims for declaratory or prospective injunctive relief against judicial officials acting in their judicial capacity. Only when a declaratory decree is violated or declaratory relief is unavailable would plaintiffs have an end-run around judicial immunity. *See Wolfeman v. Strankman*, 392 F.3d 358, 366 (9th Cir.2004).

Here, there is no allegation that Judge Judd has violated a declaratory decree or that declaratory relief is unavailable. Thus, judicial immunity extends to Palken's claims for injunctive and declaratory relief against Judge Judd as well as to any claims for damages.

For these reasons, Judge Judd's motion to dismiss will be granted.

**Prosecutor Olds and Sheriff Giddings**

Palken has brought a claim for malicious prosecution against Prosecutor Olds and Sheriff Giddings under § 1983. In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [her] with malice and without probable cause, and that they did so for the purpose of denying [her] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). Malicious prosecution actions are not limited to suits against prosecutors but may be brought against other persons who have wrongfully caused the charges to be filed. *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1126 27 (9th Cir. 2002). There is a rebuttable presumption that a prosecutor exercises independent judgment in deciding to file criminal charges, thus immunizing the investigating officers from liability for injuries suffered after the charging decision.

**Memorandum Decision & Order – page 4**

*Smiddy v Varney,* 803 F.2d 1469 (9th Cir. 1986). This presumption may be rebutted with evidence that the officers "improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004). "Such evidence must be substantial." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1027 (9th Cir. 2008).

One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused. *Heck v. Humphrey,* 512 U.S. 477, 484 (1994). This requirement avoids parallel litigation over the issues of probable cause and guilt and it precludes the possibility of the plaintiff succeeding in a § 1983 action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction. *Id.* Furthermore, "to permit a convicted criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit." *Id.*

To comply with the rule stated in *Heck,* Palken must show that her trespass charges have been resolved in her favor before she can bring these claims for malicious prosecution. Because the record contains no evidence that the trespass charges have been resolved, this action against Prosecutor Olds and Sheriff Giddings must therefore be dismissed.

**Conclusion**

**Memorandum Decision & Order – page 5**

For the reasons set forth above, the Court will grant the motion to dismiss filed by Judge Judd and the motion to dismiss filed by Prosecutor Olds and Sheriff Giddings. Because the Court will dismiss this action, the Court will deem moot the motion to quash. The Court will enter a separate Judgment as required by Rule 58(a).

### ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to dismiss (docket nos. 12 & 16) are GRANTED.

IT IS FURTHER ORDERED, that the motion to quash (docket no. 28) is DEEMED MOOT.

IT IS FURTHER ORDERED, that the Clerk shall close this case.

DATED: June 24, 2020

B. Lynn Winmill
U.S. District Court Judge